IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ANALEE RUPP and BLAIR RUPP,<br><br>                              Plaintiffs,<br><br><br><br>vs.<br><br><br>TRANSCONTINENTAL INSURANCE COMPANY, a corporation; AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, a corporation; CONTINENTAL CASUALTY COMPANY, a corporation; and CNA INSURANCE COMPANY LIMITED, a corporation,<br><br>                              Defendants. | **ORDER AND**<br><br>**MEMORANDUM DECISION**<br><br><br><br><br>Case No. 2:07-cv-333 TC |

Defendants Transcontinental Insurance Company, American Casualty Company, Continental Casualty Company, and CNA Insurance Company (collectively, "CNA Defendants"), have asked the court to stay this litigation, and abstain in favor of a case filed in California state court ("California Action").

Because this case is not sufficiently parallel to the California Action, and the abstention factors do not weigh heavily in favor of staying this proceeding, the court DENIES the CNA Defendants' motion for the extraordinary remedy of abstention.

**BACKGROUND**[1]

On May 12, 2003, Plaintiff Analee Rupp was injured in an automobile accident in a Utah construction zone where Granite Construction Company[2] ("Granite") was resurfacing Interstate-15.  At the time of the accident, Granite was covered by multiple insurance policies.  The CNA Defendants covered the primary policy, as well as an umbrella policy, each with a limit of two million dollars.  Westchester Fire Insurance Company ("Westchester") covered an excess policy with a limit of eleven million dollars in excess of the coverage offered by the CNA Defendants.

Mrs. Rupp suffered grave injuries in the accident, and Mr. and Mrs. Rupp sued Granite in Utah state court, eventually prompting Westchester and Granite to enter into a settlement agreement with Mr. and Mrs. Rupp ("Settlement Agreement").  In addition to a combined payment of three million dollars, Westchester and Granite assigned to Mr. and Mrs. Rupp all claims that they may have against the CNA Defendants.[3]  The parties memorialized the agreement in a Mediator's Term Sheet on April 20, 2007.

On April 24, 2007, Granite and Mr. and Mrs. Rupp filed a Stipulation and Judgment with the Utah state court stating "a Judgment may be entered against Granite . . . in favor of the Rupps in the total amount of $8,000,000, which sum shall include their recoverable special damages . . . ."  (Stipulation. & J., attached as Ex. 7 to Pls.' Mem. Opp'n.)

---

[1] The court discusses only those facts necessary to decide the issues.

[2] Apparently it was Granite Construction Company of Utah—an affiliate of Granite Construction Company—that resurfaced the freeway.  But for purposes of this motion, the court will use "Granite" to include Granite Construction Company and its affiliates.

[3] According to the Amended Complaint, "Westchester agreed to assign any claim it may have against CNA [Defendants] to Granite, and Granite agreed to assign to the Rupps any claims against CNA [Defendants]."  (Am. Compl. ¶ 23(c).)

On April 20, 2007, Mr. and Mrs. Rupp began this lawsuit, and subsequently filed the Amended Complaint on April 25, 2007, asserting that they were suing the CNA Defendants "for themselves and as assignees of Granite . . . ."  (Am. Compl., ¶ 1.)  The original complaint was never served, but on May 3, 2007, the Amended Complaint was served on the CNA Defendants, who removed the case to this court.

In the interim, on April 27, 2007, the CNA Defendants[4] initiated the California Action against Granite, seeking a declaratory judgment that they "have no obligation to pay any amount of the Stipulation and Judgment entered in the [Utah] Action."  (Compl. for Declaratory Relief, at 5, attached as Ex. 1 to Defs.' Mem. Supp. Mot. Stay (hereinafter "Cal. Compl.").)  The complaint in the California Action ("California Complaint") was served on April 27, 2007.

## ANALYSIS

The CNA Defendants have moved to stay this proceeding in favor of the California Action under the abstention doctrine announced in Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976).

The Colorado River abstention doctrine allows federal courts to decline jurisdiction only in "'exceptional circumstances' where denying a federal forum would clearly serve an important countervailing interest . . . ."  Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716 (1996) (quoting Colorado River, 424 U.S. at 813).  Because it "is an exception to our jurisdictional

---

[4]Although the named Plaintiffs in the California Action are American Casualty Company of Reading, Pennsylvania, and Continental Casualty Company, there appears to be no dispute that those Plaintiffs effectively represent the interests of the CNA Defendants.  (See Pls.' Mem. Opp'n, at 13 n.2 ("CNA is apparently the parent company of the other defendants and hired counsel to defend Granite and its own interests in the Utah state-court action.").)

mandate from Congress, the Doctrine may only be used when 'the clearest of justifications . . . warrant[s] dismissal.'" Rienhardt v. Kelly, 164 F.3d 1296, 1302 (10th Cir. 1999) (quoting Colorado River, 424 U.S. at 817).

But before considering whether a case presents exceptional circumstances to justify abstention, the court must first determine whether the state and federal proceedings are parallel. Fox v. Maulding, 16 F.3d 1079, 1081 (10th Cir. 1994) ("Before examining these factors, however, a federal court must first determine whether the state and federal proceedings are parallel. ").

Accordingly, the court will consider whether: (1) the cases are parallel; and (2) abstention is supported by exceptional circumstances.

**I.     Parallel Cases**

Because the California Action cannot resolve all of the causes of action asserted in the Amended Complaint, the cases are not sufficiently parallel under the Colorado River doctrine.

The Tenth Circuit has explained that "state and federal proceedings are sufficiently parallel if 'substantially the same parties litigate substantially the same issues.'" United States v. City of Las Cruces, 289 F.3d 1170, 1182 (10th Cir. 2002) (quoting Fox, 16 F.3d at 1081). Finding cases sufficiently parallel to justify abstention "necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case . . . ." Fox, 16 F.3d at 1081-82 (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 28 (1983)). To determine whether the state litigation would leave unresolved any substantive issues presented in the federal proceeding, the court must "examine the state proceedings as they

actually exist to determine whether they are parallel to the federal proceedings." Id. at 1081.

Here, the parties are not substantially the same in both the California Action and this proceeding. Mr. and Mrs. Rupp sue the CNA Defendants[5] as the assignees of Granite—the Defendant in the California Action. But the Amended Complaint in this action also alleges that the CNA Defendants breached duties that they owed to Westchester. The California Complaint does not address whether the CNA Defendants owed—or breached—any duties to Westchester, so the California Action cannot resolve these allegations. Although the CNA Defendants argue they owed no duties to Westchester, only this court may address whether the CNA Defendants owed or breached any duties to Westchester.

But beyond the duties the CNA Defendants allegedly owed to Westchester, it appears that the issues asserted in the California Complaint are substantially similar to the issues presented in this case. The First and Second Claims for Relief in the Amended Complaint allege that the CNA Defendants breached duties owed to Granite (and to Westchester), and the Third Claim for Relief addresses indemnification.[6] Similarly, the California Complaint seeks a declaration "that [the CNA Defendants] did not **breach any obligation** under the insurance policies issued to Granite by failure to participate in a purported settlement," (Cal. Compl., ¶ 1 (emphasis added)) and that the CNA Defendants "have **no obligation to pay** any amount of the Stipulation and Judgment entered in the [Utah] Action . . . ." (Id. at 5 (emphasis added).) The declaratory

---

[5]As stated, there appears to be no dispute that the CNA Defendants have identical interests to the two named Plaintiffs in the California Action.

[6]The Fourth Claim for Relief does not allege another cause of action, but asserts that "[t]he Rupps are . . . entitled to enforce the judgment against CNA." (Am. Compl., ¶ 46.)

judgment could allow the parties "to ascertain their rights and duties under the Insurance with respect to the Rupp claim . . . ."  (Id., ¶ 17.)

The court notes, however, that although the California Complaint asserts that the CNA Defendants did not breach any duty owed to Granite, the prayer for relief does not expressly seek such a declaration.  (See id. at 5-6.)  Accordingly, the court in the California Action could grant all of the CNA Defendants' requested relief, without addressing whether the CNA Defendants breached a duty—or even owed a duty—to Granite.

## II.     The Factors Do Not Heavily Favor Abstention

Even if the two cases were sufficiently parallel to merit consideration of Colorado River abstention, the court finds that abstention is not heavily favored.

The court's "'task is to ascertain whether there exist exceptional circumstances, the clearest of justifications, that can suffice under Colorado River to justify the surrender of the jurisdiction.'"  Rienhardt, 164 F.3d at 1303 (quoting Moses H. Cone, 460 U.S. at 25-26).  Courts consider factors such as: (1) whether either court has assumed jurisdiction over the property, (2) whether the federal forum is inconvenient, (3) whether the litigation is piecemeal, (4) whether the state action first obtained jurisdiction, (5) whether the federal action is vexatious or of a reactive nature, (6) whether the state court action would adequately protect the federal plaintiff's rights, (7) whether the party opposing abstention has engaged in impermissible forum shopping, and (8) whether federal or state substantive law will govern.  See Fox, 16 F.3d at 1082.  "Rather than use the factors as a 'mechanical checklist,' a court should engage in 'a careful balancing of the important factors as they apply in a given case, with the **balance heavily weighted in favor of**

**the exercise of jurisdiction**.'" Id. (quoting Moses H. Cone, 460 U.S. at 16) (emphasis added).

First, both sides concede that there is no property over which either court would have obtained jurisdiction, so this factor does not favor abstention.

Second, the District of Utah is not an inconvenient forum for this litigation. The CNA Defendants have highlighted significant California connections for the initial insurance agreements. But when assessing whether the CNA Defendants breached the duties that they owed to Granite during the settlement process, a court will likely consider events that occurred in Utah; the construction site, the accident, and the settlement negotiations occurred in Utah, and a Utah citizen was injured by the accident. Consequently, because the question is not whether Utah is the **most** convenient forum, but rather, whether this federal forum is **inconvenient**, this factor weighs against abstention.

Third, there is some concern that piecemeal litigation would result if this court were to abstain. Although the California Action could potentially resolve the causes of action asserted by Mr. and Mrs. Rupp as assignees of Granite in the Amended Complaint, a fair reading of the California Complaint does not require resolution of all the issues. As discussed above, the prayer for relief seeks only a declaration that the CNA Defendants "have no obligation to pay any amount of the Stipulation and Judgment entered in the [Utah] Action . . . ." (Cal. Compl., at 5.) The California court could declare that the CNA Defendants do have an obligation to pay some part of the Settlement Agreement, without deciding how much they are obligated to pay, or whether and to what extent the CNA Defendants had breached particular duties. Also, as discussed, the California Action will not address Mr. and Mrs. Rupp's allegations that the CNA

Defendants breached duties owed to Westchester. As a result, the parties would have to engage in additional litigation, and this factor weighs against abstention.

Fourth, this action was filed first, but the California Complaint was served before service was made in this case. Although the California court appears to have first obtained jurisdiction—which favors abstention—California obtained jurisdiction only a few days before this court, so this factor does not weigh heavily in favor of abstention. See Moses H. Cone, 460 U.S. at 21 ("[P]riority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions."). And notably, the California court has expressed that it is not the preferred forum for this case, further disfavoring abstention. (See Tr. of June 6, 2007 Hr'g in California Action, at 8, attached as Ex. 8 to Pls.' Mem. Opp'n (declaring Utah courts "would have a greater interest here since the settlement occurred in Utah.").)

Fifth, there is no assertion that this case is vexatious in any way. On the contrary, Mrs. Rupp, a Utah citizen, was injured in the state of Utah, and filed suit in state court, disfavoring abstention.

Sixth, similarly, there is no indication that Mr. and Mrs. Rupp engaged in any forum shopping when initiating this lawsuit, further disfavoring abstention.

Seventh, the California Action could adequately protect Mr. and Mrs. Rupp, as assignees of Granite, slightly favoring abstention.

And finally, eighth, this case was removed to this court based on diversity jurisdiction—there are no questions of federal law to consider—so state substantive law controls,

rendering the last factor fairly inconsequential. See Moses H. Cone, 460 U.S. at 26 ("Although in some rare circumstances the presence of state-law issues may weigh in favor of that surrender, the presence of federal-law issues must always be a major consideration weighing against surrender.") (footnote and citation omitted); Nakash v. Marciano, 882 F.2d 1411, 1416 (9th Cir. 1989) ("[T]he presence of state law issues will rarely be sufficient alone to warrant abstention . . . .").[7]

Ultimately, the record shows that this case does not present extraordinary circumstances to merit abstention, particularly in light of the strong preference that federal courts exercise jurisdiction. See Moses H. Cone, 460 U.S. at 25-26 ("[W]e emphasize that our task in cases such as this is not to find some substantial reason for the exercise of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under Colorado River to justify the surrender of that jurisdiction.").

---

[7]The CNA Defendants have argued that this factor supports abstention because California law will apply instead of Utah law. But—to address the CNA Defendants' argument—Utah law could potentially govern whether the CNA Defendants breached their duties because the "litigation occurred in Utah; the settlement negotiations and settlement occurred in Utah; the judgment for which indemnity is sought was entered in Utah, and the claims against CNA were assigned in Utah to Utah citizens." (Pls.' Mem. Opp'n, at 17.) Even under the CNA Defendants' application of this factor, it may disfavor abstention.

## ORDER

For the reasons stated, the court DENIES the CNA Defendants' Motion to Stay the Action (dkt. #6).

SO ORDERED this 17th day of December, 2007.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge