**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **ANALEE RUPP and BLAIR RUPP,**<br><br>          **Plaintiffs,**<br><br>v.<br><br>**TRANSCONTINENTAL INSURANCE COMPANY, et al.,**<br><br>          **Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:07-cv-333-TC-PMW**<br><br><br>**Chief District Judge Tena Campbell**<br><br>**Magistrate Judge Paul M. Warner** |

This case was referred to Magistrate Judge Paul M. Warner by Chief District Judge Tena Campbell pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the court is American Casualty Company of Reading, Pennsylvania and Continental Casualty Company's (collectively, "Defendants") motion to disqualify attorneys David R. Olsen and John C. Hansen (collectively, "Olsen and Hansen") as trial counsel for Analee and Blair Rupp (collectively, "Plaintiffs").[2] Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda.  *See* DUCivR 7-1(f).

---

[1]  *See* docket no. 4.

[2]  *See* docket no. 60.

## RELEVANT BACKGROUND

Plaintiffs filed suit in Utah Third District Court against several parties as a result of injuries sustained by Analee Rupp in a May 2003 motor vehicle accident on Interstate 15 near Tremonton, Utah, where Granite Construction Company of Utah ("Granite") was resurfacing the highway. Plaintiffs alleged that Granite was negligent or otherwise at fault in its design and implementation of the construction zone and traffic control plan for the resurfacing project.

Granite was insured under two policies issued by Defendants, as well as a policy issued by Westchester Fire Insurance Company ("Westchester"). After failed attempts at a global settlement, Plaintiffs eventually settled with Granite and Westchester in April 2007. Olsen and Hansen represented Plaintiffs in negotiating that settlement. As part of the settlement, the participating parties stipulated to a judgment against Granite in the amount of $8 million, Granite and Westchester agreed to pay a total of $3 million to Plaintiffs, and Granite and Westchester assigned any claims they had against Defendants to Plaintiffs.[3]

Soon after the settlement was reached, Plaintiffs filed a new suit in Utah Third District Court against Defendants to recover the unpaid portion of the stipulated judgment. That case was eventually removed to this court on May 21, 2007.[4]

---

[3] *See* docket no. 2.

[4] *See id.*

2

## ANALYSIS

In the motion before the court, Defendants seek to have Olsen and Hansen disqualified as trial counsel for Plaintiffs.  Defendants assert that Olsen and Hansen are necessary witnesses in this case because of their representation of Plaintiffs in the settlement negotiations with Granite and Westchester.  *See* Utah R. Prof'l Conduct 3.7(a).

### I.  Motions to Disqualify

The control of attorneys' conduct in litigation is within the supervisory powers of the district court and, therefore, is a matter of judicial discretion.  *See Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1383 (10th Cir. 1994).  "Motions to disqualify are governed by two sources of authority.  First, attorneys are bound by the local rules of the court in which they appear.  Federal district courts usually adopt the Rules of Professional Conduct of the states where they are situated."  *Id.*; *see* DUCivR 83-1.1(h) (providing that all attorneys practicing before this court "are governed by and must comply with the rules of practice adopted by this court, and unless otherwise provided by [the Rules of Practice for the United States District Court for the District of Utah], with the Utah Rules of Professional Conduct, as revised and amended and as interpreted by this court").

> Second, because motions to disqualify counsel in federal proceedings are substantive motions affecting the rights of the parties, they are decided by applying standards developed under federal law.  Therefore, motions to disqualify are governed by the ethical rules announced by the national profession and considered in light of the public interest and the litigants' rights.

*Cole*, 43 F.3d at 1383 (quotations and citations omitted).

3

Further guidance on disqualification of counsel is provided in *Parkinson v. Phonex Corp.*, 857 F. Supp. 1474 (D. Utah 1994). In *Parkinson*, the court affirmed the magistrate judge's denial of a motion to disqualify. *See id*. at 1477. Although *Parkinson* dealt with a motion to disqualify based on allegations of simultaneous representation of clients with adverse interests, *see id*. at 1474-75, it is still instructive in the instant case because it sets out the following foundational concepts for evaluation of motions to disqualify. *See id*. at 1475-78.

Attorneys before this court are bound by the Utah Rules of Professional Conduct, *see* DUCivR 83-1.1(h), and those rules may be relevant to the analysis of a motion to disqualify. However, the fact that an attorney's conduct violates any one of those rules "does not require disqualification of counsel as a matter of course." *Parkinson*, 857 F. Supp. at 1476 (quotations and citations omitted). Standards for professional conduct meant to be enforced by entities governing the practice of law cannot be enforced effectively by the court during litigation because the considerations in each forum are different. *See id*. Courts cannot hope to "correct all possible ethical conflicts" because "this laudable goal cannot be attained through rulings in the course of litigation without inviting the wholesale filing of motions for tactical reasons. The result would be needless disruption and delay of litigation, thereby impairing the efficient administration of justice." *Id*. (quotations and citations omitted). Therefore, "[w]here a threat of tainting the trial does not exist, . . . the litigation should proceed, [with] the remedy for unethical conduct lying in the disciplinary machinery of the state and federal bar." *Id*. (quotations and citations omitted).

4

Disqualification should be ordered "only upon a finding that presence of a particular counsel will taint the trial by affecting his or her presentation of a case." *Id*. (quotations and citations omitted). "The sanction of disqualification of counsel in litigation should be measured by the facts of each particular case . . . ." *Id*. (quotations and citations omitted). In undertaking that fact-sensitive analysis, the *Parkinson* court provided several factors to be considered, *see id*., which will be addressed in subsection B., below.

### A. Rule 3.7

Rule 3.7(a) provides that "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness," unless certain enumerated exceptions are met. Utah R. Prof'l Conduct 3.7(a). Defendants argue that Olsen and Hansen's representation of Plaintiffs in the settlement negotiations with Granite and Westchester makes Olsen and Hansen "necessary witness[es]" in this case. *Id*. The court disagrees.

Defendants' announcement of their intention to call Olsen and Hansen as witnesses in this case is not enough to compel the conclusion that Olsen and Hansen are necessary witnesses. *See* Utah State Bar Ethics Advisory Opinion No. 04-02, ¶¶ 5, 7–8. Further, Defendants have failed to persuade the court that the testimony they claim must come from Olsen and Hansen is unobtainable from other sources. *See id*. at ¶ 5 ("If the testimony is duplicative and obtainable from other sources, [the lawyer's] testimony may not be necessary, and the lawyer should not withdraw or should not be subject to disqualification."). Finally, much of the testimony that Defendants claim they must elicit from Olsen and Hansen deals with information that appears to be protected by either the attorney-client privilege, the work product privilege, or both.

5

For these reasons, the court concludes that Defendants have failed to demonstrate that Olsen and Hansen are necessary witnesses in this case.  *See* Utah R. Prof'l Conduct 3.7(a); *see also* Utah State Bar Ethics Advisory Opinion No. 04-02, ¶ 9 n.8 (providing that the burden to establish that a lawyer's participation in a case would violate disciplinary rules falls on the party seeking to have that lawyer disqualified).  Accordingly, the court has determined that Olsen and Hansen's representation of Plaintiffs in this case does not amount to a violation of rule 3.7.

## B. *Parkinson* Factors

As previously noted, while the Utah Rules of Professional Conduct are relevant to the court's analysis of Defendants' motion to disqualify, they are not the standard for disqualification.  *See Parkinson*, 857 F. Supp. at 1476.  *Parkinson* sets forth the following factors to be considered when analyzing a motion to disqualify:  (1) the egregiousness of the violation, (2) the presence or absence of prejudice to the other side, (3) hardship to the other side, (4) whether and to what extent there has been a diminution of effectiveness of counsel, and (5) the stage of trial proceedings.  *See id*.  This list of factors is not exhaustive, but instead is merely illustrative of the facts that may be pertinent.  *See id*.  The court reiterates that each case must be examined "on its own specific facts" and that "[t]he essential issue to be determined in the context of litigation is whether the alleged misconduct taints the lawsuit."  *Id*. (quotations and citations omitted).

The court now turns to a consideration of those factors in this case.  First, the court has already concluded that Olsen and Hansen's representation of Plaintiffs at trial in this case does not amount to a violation of rule 3.7, so egregiousness is not relevant.  Second and third, any

6

prejudice or hardship to Defendants in allowing Olsen and Hansen to continue as trial counsel for Plaintiffs appears to be slight or nonexistent.  Indeed, as noted above, it appears that most, if not all, of the testimony that Defendants claim they must elicit from Hansen and Olsen is either obtainable from other sources or protected by privilege.  Fourth, there does not appear to be any diminution in the effectiveness of counsel for either party.  Fifth and finally, the stage of this case weighs in favor of allowing Olsen and Hansen to continue as trial counsel for Plaintiffs.  While it may sound contradictory, Defendants' motion, ironically, is both too late and too early at this stage of the case.  On one hand, Defendants have known about the basis for their motion to disqualify since the beginning of this case, yet waited nearly a year to file that motion.  On the other hand, given that a trial date has not yet been scheduled, it is too early in the case for Defendants either to determine definitively or to be able to effectively persuade the court that Olsen and Hansen are indeed necessary witnesses.

In sum, the court has determined that Olsen and Hansen's representation of Plaintiffs at trial in this case neither "taints the lawsuit" nor constitutes in any way "the type of [egregious] conduct generally associated with the harsh sanction of disqualification."  *Id*. at 1476-77 (quotations and citations omitted).

## CONCLUSION

The court concludes that Olsen and Hansen's representation of Plaintiffs at trial in this case does not amount to a violation of rule 3.7.  In addition, the court's consideration of the *Parkinson* factors leads to the conclusion that Olsen and Hansen should not be disqualified from

acting as Plaintiffs' trial counsel in this case.  For these reasons, Defendants' motion to disqualify

Olsen and Hansen as trial counsel is **DENIED**.

      **IT IS SO ORDERED**.

      DATED this 2nd day of July, 2008.

                    BY THE COURT:

                    _____
                    PAUL M. WARNER
                    United States Magistrate Judge