IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ANALEE RUPP and BLAIR RUPP,<br><br>Plaintiffs,<br><br>v.<br><br>TRANSCONTINENTAL INSURANCE COMPANY, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:07-cv-333-TC-PMW<br><br>Chief District Judge Tena Campbell<br><br>Magistrate Judge Paul M. Warner |

     This case was referred to Magistrate Judge Paul M. Warner by Chief District Judge Tena Campbell pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the court is Analee and Blair Rupp's (collectively, "Plaintiffs") motion for a scheduling conference.[2]  Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda.  See DUCivR 7-1(f).

     In their motion, Plaintiffs assert that although this case has been pending for over fifteen months, the parties have not yet engaged in any discovery.  Accordingly, Plaintiffs request that the court hold a scheduling conference to establish dates and deadlines for a scheduling order.

---

[1] *See* docket no. 4.

[2] *See* docket no. 83.

In response, Transcontinental Insurance Company; CNA Insurance Company Limited; American Casualty Company of Reading, Pennsylvania; and Continental Casualty Company (collectively, "Defendants") assert that while they do not specifically oppose appearing before the court for a scheduling conference, holding such a conference would be premature in light of Defendants' potentially dispositive pending motions. Defendants Transcontinental Insurance Company and CNA Insurance Company Limited currently have pending a motion to dismiss.[3] In addition, Defendants American Casualty Company of Reading, Pennsylvania, and Continental Casualty Company currently have pending a motion for summary judgment.[4] Chief Judge Campbell has scheduled a hearing on those motions for September 18, 2008.[5] Because those motions are potentially dispositive, Defendants argue that they should be resolved before discovery commences.

The court agrees with Defendants. Because their motions are potentially dispositive, it appears that they should be resolved prior to the commencement of discovery. With respect to the above-referenced motion to dismiss, Plaintiffs need no discovery because the court typically considers only the facts alleged in the complaint when deciding a motion to dismiss under rule 12(b)(6) of the Federal Rules of Civil Procedure. *See County of Santa Fe v. Public Serv. Co.*, 311 F.3d 1031, 1035 (10th Cir. 2002). With respect to the above-referenced motion for summary

---

[3] *See* docket no. 27.

[4] *See* docket no. 74.

[5] *See* docket no. 85.

judgment, Plaintiffs have not alleged a need for specific discovery but instead have simply requested that discovery commence. Without an alleged need, the court has determined that engaging in discovery while Defendants' potentially dispositive motions are pending would be premature. Further, if Plaintiffs identify a need for specific discovery that they believe is necessary for their opposition to the above-referenced motion for summary judgment, rule 56(f) of the Federal Rules of Civil Procedure provides them with an avenue to demonstrate that need to the court. *See* Fed. R. Civ. P. 56(f) ("If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order.").

Based on the foregoing, Plaintiffs' motion for a scheduling conference[6] is **DENIED**.

**IT IS SO ORDERED**.

DATED this 5th day of August, 2008.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[6] *See* docket no. 83.